APPEALS OF CHARLES H. THOMPSON, WILLIAM WHALEY, WILLIAM WHALEY, TRUSTEE, and ROY V. MYERS.

Docket Nos. 1681–1683, 1733.   Submitted May 19, 1925.   Decided July 10, 1925.

Claim for depreciation of patents disallowed for lack of evidence of value.

C. M. Hash, C. P. A., for the taxpayers.
P. S. Crewe, Esq., for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

Charles H. Thompson, 1918–1921_____ $288.11
William Whaley, 1918–1921_____ 695.99
Roy V. Myers, 1918–1920_____ 561.80
William Whaley, Trustee_____ None

The four appeals were heard together. The only issue is whether the taxpayers should be allowed a deduction for depreciation of patents. From the testimony and exhibits submitted in evidence at the hearing the Board makes the following

### FINDINGS OF FACT.

The three individuals, Thompson, Whaley, and Myers, were jointly interested in the development of mechanical shoveling and loading machines. Four patents were applied for in the United States Patent Office, under the name of Whaley, being dated respectively July 1, 1907, March 16, 1908, March 21, 1908, and August 24, 1908. While the patent applications were pending in the Patent Office, a trust indenture was executed by Whaley, dated September 4, 1908, whereby he declared that he would hold any patents issued as trustee for himself, Thompson, and Myers, as three in-all-respects-equal beneficiaries. Whaley was the inventor and Thompson and Myers furnished the necessary capital for the development.

United States patents were thereafter issued as follows:

No. 940,999, dated November 23, 1909.
No. 940,997, dated November 23, 1909.
No. 976,711, dated November 22, 1910.
No. 940,998, dated November 23, 1909.

Devices were manufactured under the patents and reached a state of mechanical and commercial success by the latter part of 1912, but only a few machines had been sold by that date. Patents were also taken out in several foreign countries. Under date of January

15, 1909, Whaley, as trustee, contracted with the Myers-Whaley Co., a Tennessee corporation, and granted to it an exclusive license within the United States to manufacture and sell machines in accordance with the above-mentioned United States patents or any improvements thereof, the trustee to receive a royalty of 12½ per cent of the selling price of each machine, provided the net profit to the company was 25 per cent of the selling price; if less than 25 per cent, then the royalty was to be one-half of the net profit. Thompson was the president of the Myers-Whaley Co. Fifty per cent of the stock in the corporation was issued to Whaley, as trustee, as part consideration in lieu of cash for the issuance of the license, the balance of consideration being the royalties agreed upon. The stock amounted to $49,500 par value. The total amount distributed to the beneficiaries up to 1924 was $117,016.49.

From the determinations made by the Commissioner the taxpayers duly appealed to this Board.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

IVINS: The taxpayers had patents which, subsequent to 1913, undoubtedly were of considerable value. We are inclined to believe that they may have had a substantial value on March 1, 1913, and that they may have cost the taxpayers a considerable sum to secure and develop prior to that date; but the taxpayers have adduced no competent evidence of value or of the cost of securing and developing the patents, and, in the absence of evidence upon which to reverse or modify the Commissioner's determination, we will not disturb it.